Elehue Amos HALEY, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12203.

Criminal Court of Appeals of Oklahoma.

Nov. 2, 1955.

S. S. Lawrence, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Judge.

Elehue Amos Haley was convicted in the Municipal Criminal Court of the City of Tulsa of operating a motor vehicle over and upon a public highway in Tulsa, while under the influence of intoxicating liquor. The jury assessed punishment at 90 days confinement in the city jail of Tulsa, Oklahoma.

While some six grounds of error are set up in the petition in error, on oral argument we were not convincingly advised of any circumstance amounting to reversible error. The chief complaint was that the punishment assessed was excessive.

We have carefully read the entire record. The prosecution used five witnesses, and conclusively showed that the defendant was driving a motor vehicle upon the streets of the city of Tulsa at the time charged while he was in a state of intoxication. A breath test given defendant disclosed an alcoholic content of 0.24. Defendant's vehicle dented the fender of a car parked at the curb on Harvard Street, Tulsa. Defendant later refused to stop his car, but his pathway was blocked and his arrest followed. Defendant did not testify, and offered no evidence.

We note that defendant was in a line of traffic where the cars were bumper-to-bumper. He was driving an old model car. At best the handling of the car so as not to dent fenders of parked cars was a problem. One needed all his faculties functioning at their best in order to drive safely. Defendant must pay the penalty for his error. Intoxicated drivers account for a large portion of the fatal accidents on the highways of this State and Nation. The sentence of 90 days as a deterrent is, under the record, found to be excessive by 30 days, and the verdict and judgment is modified to 60 days imprisonment in the jail of the city of Tulsa.

As so modified, the judgment is affirmed.

JONES, P. J., and BRETT, J., concur.